

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
        **JUDGE**

## LETTER OPINION

April 5, 2011

Mark E. Belland
O'Brien, Belland & Bushinksy, LLC
1526 Berlin Road
Cherry Hill, NJ 08003
        *(Attorney for Plaintiffs)*

        RE:    *International Union of Painters and Allied Trades District Council 711*
        *Health & Welfare, Vacations, and Finishing Trades Institute Funds*, et al. *v. ADB*
        *Painting Services*
                <u>Civil Action No. 10-5982 (WJM)</u>

Dear Counsel:

        This matter comes before the Court on Plaintiffs' motion for entry of default
judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  There was no
oral argument. Fed. R. Civ. P. 78.  For the reasons that follow, Plaintiffs' motion is
**GRANTED**.

## I.    BACKGROUND

        The following facts are established by the complaint, the motion for default
judgment, and the exhibits attached thereto. Plaintiffs the International Union of Painters
and Allied Trades District Council 711 Health & Welfare, Vacation and Finishing Trades
Institute Funds; and the International Painters and Allied Trade Industry Pension Fund
(the "Funds") are trust funds established and maintained pursuant to Section 302(c)(5) of
the Labor Management Relations Act, 29 U.S.C.§ 186(c)(5) and are employee benefit
plans established and maintained pursuant to Section 3(1)(2) and (3) of the Employee
Retirement Income Security Act of 1974 ("ERISA") for the purpose of providing health
benefits and other benefits to eligible participants.  Plaintiffs Harry J. Harchetts and Gary
J. Meyers are trustees of the Funds and are fiduciaries of the Funds within the meaning of

Section 3(21) of ERISA, 29 U.S.C. § 1002(21)(A) for the purposes of collecting contributions.

District Council No. 711, International Brotherhood of Painters and Allied Trades (the "Union") entered into a collective bargaining agreement ("CBA") with the New Jersey Glass and Metal Contractors Association. Defendant ADB Paintings Services ("ADB"), based in North Bergen, New Jersey, is a signatory employer to the CBA and related agreements.

From August 1, 2008 through September 26, 2008, ADB employed an individual in projects within New Jersey. Under the CBA, ADB was required to make contributions for that employee during that period. According to remittance reports generated by the Funds, ADB owed a total of $6,404.61. ADB failed to make any contributions, despite the fact that the Funds demanded payment on several occasions, including by letter on May 26, 2010.

On November 16, 2010, the Funds filed a complaint against ADB. On or about December 15, 2010, ADB was served with the summons and complaint. ADB has failed to respond. On or about January 6, 2011, the Funds requested that default be entered against ADB, and on January 7, 2011, the Clerk of the Court entered default against ADB pursuant to F.R.C.P. Rule 55(a). The Funds now move for entry of default judgment against ADB in the total amount of $10,109.14, which is inclusive of interest, liquidated damages, and attorneys' fees and costs, as provided for in the CBA and 29 U.S.C. §§ 1132(g)(2)(B), 1132(g)(2)(C)(ii), and 1132(g)(2)(D). In support of their claim, the Funds submitted an affidavit from Steven J. Bushinksy, the Funds' attorney.

## II.   DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 55 governs default. After the Clerk's entry of default pursuant to Rule 55(a), a plaintiff may then seek the Court's entry of default pursuant to Rule 55(b)(2). *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). "Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987)) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment"). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Doug Brady*, 250 F.R.D. at 177.

To make these determinations, the Court should accept as true the well-pleaded factual allegations of the complaint, although the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008). Consequently, before granting a default judgment,

the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Chanel*, 558 F. Supp. 2d at 536.

    B.    <u>Default Judgment is Appropriate</u>

First, review of the record reveals there to be no basis for ADB to claim a meritorious defense. ADB is contractually obligated to make contributions to the Fund, and ERISA supports this obligation. 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). There is no evidence that ADB made the necessary contributions or was otherwise not obligated to do so.

Second, it is clear that the Funds have been prejudiced by ADB's failure to respond to the Complaint. The prejudice suffered by the Funds includes: (1) their inability to otherwise move forward in the litigation; (2) the incurrence of additional costs, including the costs of filing and briefing this motion; and (3) delay in regard to receiving relief in the form of the delinquent pension plan payments.

Finally, there is a presumption of culpability where defendants have failed to respond. *See Exxonmobil Oil Corp. v. Wakile & Sons, Inc.*, Civ. No. 09-1265, 2009 WL 3818151, at *3 (D.N.J. Nov. 13, 2009).

After review of the record in this matter, this Court determines that the Funds have satisfied the requirements for default judgment.  The record shows that while ADB has been served, it has failed to respond to the Funds' complaint and the deadline for responding has passed. When a defendant has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate. *See, e.g.*, *The Prudential Ins. Co. of America v. Bramlett*, 2010 WL 2696459, at *2 (D.N.J. July 6, 2010); *Angelo v. NFI Co., Inc.*, 2009 WL 4609828, at *3 (D.N.J. Dec. 1, 2009).

    C.    <u>Damages</u>

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment is awarded in favor of the plan, the court shall grant damages in the form of:

    (A) the unpaid contributions;
    (B) interest on the unpaid contributions;
    (C) an amount equal to the greater of-
        (i) interest on the unpaid contributions, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A);
    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant;

and

(E) such other legal or equitable relief as the court deems appropriate.

The language of the CBA also provides for similar relief, as in case of failure to contribute, ADB agreed to be liable for the delinquent contributions, interest, and liquidated damages.

The information contained in Mr. Bushinksy's affidavit and the exhibits attached thereto establish that DBA owes $6,404.61 in delinquent contributions. Of this amount, ADB owes $4,503.02 to the International Union of Painters and Allied Trades District Council 711 Funds, and $1,937.24 to the International Painters and Allied Trades Industry Pension Fund. Further, Mr. Bushinksy states that ADB owes the Funds liquidated damages in the amount of $507.45, and interest totaling $772.23. Mr. Bushinksy also states in his affidavit his firm's fees for litigating this action total $1079, and their costs equal $409.95.[2] After review of Mr. Bushinsky's affidavit and the attached exhibits, the Court finds the requests for fees and costs to be reasonable.  Based on these figures, ADB owes a total of $10,109.14.

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment against ADB is granted and judgment shall be entered against ADB in the amount of $10,109.14. An appropriate order follows.

_/s/ William J. Martini_
**WILLIAM J. MARTINI, U.S.D.J.**

---

[2] Plaintiff's request for attorneys' fees and costs was submitted in accordance with Local Civ. R. 54.2.